﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190814-19504
DATE: April 30, 2020

ORDER

New and relevant evidence has been received and readjudication of the claim for entitlement to service connection for anxiety is granted.

No new and relevant evidence has been submitted to readjudicate the claim for service connection for depression; the claim is denied.

Entitlement to service connection for anxiety is granted. 

FINDINGS OF FACT

1. New and relevant evidence has been received to readjudicate the claim for service connection for anxiety.

2. No new and relevant evidence has been submitted to readjudicate the claim for service connection for depression.

3. The probative evidence of record demonstrates that anxiety is due to an in-service motor vehicle accident. 

CONCLUSIONS OF LAW

1. New and relevant evidence has been received to readjudicate the claim for service connection for anxiety. 38 C.F.R. § 3.2501 (2019).

2. New and relevant evidence has not been received to readjudicate the claim for service connection for depression. 38 C.F.R. § 3.2501 (2019). 

3. The criteria for service connection for anxiety are met. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303 (2019). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1988 to May 1992. 

The Board notes that the rating decision on appeal was issued July 2019. In that decision, the Agency of Original Jurisdiction (AOJ) found that new and relevant evidence was not submitted to warrant readjudicating the claim for service connection for anxiety or depression. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the AOJ.

The Veteran contends that submitted evidence with his supplemental claim for service connection for anxiety and depression, is new and relevant to the claim and warrants readjudication of the issue. 

In general, decisions of the AOJ and the Board that are not appealed in the prescribed period time are final. 38 U.S.C. §§ 7104, 7104 (2012); 38 C.F.R. §§ 3.104, 20.110, 20.1103 (2018). VA will readjudicate a claim if new and relevant evidence is presented or secured. “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. See 84 Fed. Reg. 138, 172 (Jan. 18, 2019); 38 C.F.R. § 3.2501(a)(1).

1. New and relevant evidence has been submitted to readjudicate the claim for service connection for anxiety.

Service connection for anxiety was denied in April 2019 rating decision. The RO found that there was no relationship between a disability and service, noting that a VA psychologist found provided a negative nexus and was more probative than an opinion submitted by a nurse practitioner.

In a July 2019 rating decision, the RO declined to readjudicate the claims, finding that the new evidence was not relevant, as it tended to show that an in-service accident occurred, which was not a fact in dispute. The Veteran appealed.

Evidence of record at the time of the April 2019 rating decision includes private treatment records, a March 2019 VA examination, and a nexus statement from a private practitioner. Private treatment records showed a diagnosis of general anxiety disorder and complaints of anxiety while riding and driving in a car. The March 2019 VA examination provided a negative nexus opinion. The February 2019 nexus statement found that the Veteran’s current disability was caused by a motor vehicle accident that occurred in service. 

Evidence submitted after the April 2019 rating decision includes lay statements, buddy statements, and VA treatment records. The Veteran’s July 2019 lay statement asserts that his anxiety onset after his in-service motor vehicle accident. The Veteran’s VA treatment records detail treatment for anxiety. See February 2019 and July 2019 Treatment Notes. The Veteran’s wife and high school friend submitted statements indicating that the Veteran had no anxiety around traveling prior to service and now has severe anxiety when traveling. See June 2019 Buddy Statements. 

 

The Board finds that new and relevant evidence has been added to the record since the April 2019 rating decision. The buddy statements indicate a change in mental health behaviors after the in-service motor vehicle accident. Thus, based on this newly added evidence, the Board finds that new and relevant evidence has been added to the record that may prove or disprove the nexus element of the claim for service connection for anxiety. Readjudication of the claim is therefore warranted. 

2. No new and relevant evidence has been submitted to readjudicate the claim for service connection for depression

Regarding service connection for depression, in an April 2019 rating decision, the RO found that there was no relationship between a disability and service, noting that a VA psychologist found provided a negative nexus and was more probative than an opinion submitted by a nurse practitioner.

In a July 2019 rating decision, the RO declined to readjudicate the claims, finding that the new evidence was not relevant, as it tended to show that an in-service accident occurred, which was not a fact in dispute. The Veteran appealed.

Again, evidence submitted at the time of the April 2019 rating decision includes private treatment records, a March 2019 VA examination and a nexus statement. Private treatment records showed a diagnosis of general anxiety disorder and complaints of anxiety while riding and driving a car. The March 2019 VA examination provided a negative nexus opinion. The February 2019 nexus statement found that the Veteran’s current disability was caused by a motor vehicle accident that occurred in service. 

Again, evidence submitted after the April 2019 rating decision includes lay statements, buddy statements, and VA treatment records. The Veteran’s lay statement asserts that the Veteran’s anxiety onset after his in-service motor vehicle accident. The Veteran’s VA treatment records detail treatment for anxiety. The Veteran’s submitted buddy statements detailing the Veteran’s anxiety while traveling, which was a change in previous behavior. The Veteran’s submitted evidence document only anxiety. There has been no evidence, however, of depression. In fact, the Veteran denied depression throughout the record. See July 2019; June 2019; February 2019 Treatment Note. The Veteran’s depression screening also resulted in a score of zero indicating a negative screen on the depression scale for the past two weeks. See February 2019 Treatment Note. The Veteran also did not discuss depression in his lay statements, nor was it mentioned in the submitted buddy statements. 

The Board finds that new and relevant evidence has not been submitted to readjudicate the claim of service connection for depression. See 38 U.S.C. §§ 101(35), 5108. The evidence submitted, although new, was not relevant as it did not provide any information regarding depression. Therefore, none of the submitted evidence tends to prove or disprove the matters in issue. Accordingly, the Board finds that new and relevant evidence has not been submitted to readjudicate the Veteran’s claim of service connection for depression. 

3. Entitlement to service connection for anxiety 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131 (2012); 38 C.F.R. § 3.303(a) (2017). To establish a right to compensation for a present disability, a Veteran must show: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so-called “nexus” requirement. Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2009) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)). Service connection may be granted for any disease initially diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d) (2017).

The Veteran alleges that his anxiety began during service and has existed since that time and is related to an in-service motor vehicle accident. See October 2019 Lay Statement and August 2019 VA 21-4138 Statement in Support of Claim. 

 

First, the Board finds that there is a current disability. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran was diagnosed with other specified anxiety disorder (flight anxiety) in April 2017. The Veteran was diagnosed with other specified anxiety disorder in November 2018. The first element of service connection is thus met.

Second, the Board finds that there was an in-service injury. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). The Veteran’s service treatment record noted that the Veteran was appearing for a follow-up to a motor vehicle accident that happened 13 months prior. See November 1991 Service Treatment Record. Furthermore, the Veteran submitted a lay statement stating that he was involved in a serious accident while serving in the military. The Veteran stated that he was driving and attempted to turn when he was hit from behind. See June 2019 Lay Statement. As the Veteran’s lay statements are competent as involvement in a car accident is capable of lay observation. See Washington v. Nicholson, 19 Vet. App. 362, 368 (2005) (noting that a lay witness is competent to report to factual matters of which he or she has first-hand knowledge). The statements are credible, as they are supported by the Veteran’s service records. See Caluza v. Brown, 7 Vet. App. 498, 511 (1995) (noting that the credibility of a witness may be impeached by a showing of interest, bias, inconsistent statements, consistency with other evidence), aff’d, 78 F.3d 604 (Fed. Cir. 1996). Accordingly, the second element of service connection is met.

Third, the Board finds that the evidence of record does support a finding that the Veteran’s anxiety had onset in active service. See Holton, 557 F.3d at 1366; 38 C.F.R. § 3.303(d). First, the Veteran submitted a lay statement stating that since his in-service motor vehicle accident he is extremely tense and anxious when riding in a vehicle with anyone else driving. The Veteran also stated that he feels uncomfortable as the driver if he is driving in areas outside of his normal home or work area. See June 2019 Lay Statement. The Veteran also submitted June 2019 buddy statements. KP stated that the Veteran had no issues with traveling prior to his military service. KP also noted that ever since returning from military service, the Veteran is anxious when traveling. ML stated that she had known the Veteran for 24 years and that prior to the Veteran’s accident, there were no issues with the Veteran driving or traveling. She noted his current severe anxiety when driving and traveling.

In a February 2019 private nexus statement, the examiner opined that the Veteran’s anxiety was the direct cause or result of the Veteran’s in-service motor vehicle accident 1992. The examiner noted that the Veteran has had marked anxiety with riding, driving, and flying since that time, thus indicating that it had onset in service and had continued since then. As noted in a statement from the Veteran, the examiner has been the Veteran’s treating provider for 10 years and reviewed the relevant service treatment records. The Board assigns the nexus opinion significant probative value as it is based on a review of the Veteran’s relevant record and lay statements and provides an appropriate supporting explanation. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008) (noting that the central issue in determining probative value of a medical opinion is whether the examiner was informed of the relevant facts); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (holding that a medical opinion must be supported by analysis that the Board can consider and weight against contrary opinions). 

In a March 2019 VA examination report, the examiner opined that the Veteran’s claimed condition was less likely than not incurred in or caused by the claimed in-service injury. The examiner stated that the Veteran’s anxiety is secondary to other factors, perhaps, the Veteran’s current job. First, this opinion is not probative as it is supported by speculative explanation. See Bloom v. West, 12 Vet. App. 185, 186-8 (1999) (noting that a physician's opinion that a veteran's time as a prisoner of war “could” have precipitated the condition is too speculative to provide nexus evidence). However, in an August 2019 correspondence, the Veteran stated that he had been off work for 5 months at the time of the VA examination and therefore was not feeling stress due to his current employment. The Veteran further stated that stress induced by his employment is minimal due to his specific working conditions. Thus, the Board affords no probative value to the March 2019 VA examination as the examiner appeared to rely on facts that were incorrect. See Reonal v. Brown, 5 Vet. App. 458, 461 (1993) (noting that a medical opinion based on an inaccurate factual premise has no probative value). 

 

As the Board affords the most probative evidence demonstrates that the Veteran’s anxiety, mental condition began during service and existed since that time. Accordingly, service connection is granted. 

 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B.White, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.